ANTOINETTE DARSE *v.* HENRY LEAUMONT and another, EXECUTORS OF CECILIA BONILLA, and another.

Under arts. 608 and 616, of the Code of Practice, a Court of Probates has jurisdiction to annul, or rescind decrees or judgments rendered by itself, though the controversy involve the ownership of immoveable property.

APPEAL from the Court of Probates of New Orleans, *Bermudez*, J.

*Johnson* and *L. Janin*, for the appellant.

*Schmidt*, for the defendants.

MORPHY, J. This suit is brought against the executors of the late Cecilia Bonilla, by one of her children, to annul a purchase of certain immoveable property made by the deceased as their tutrix, by and with the advice and consent of a family meeting, and under a decree of the Probate Court, and to have such property declared

to belong to the estate of the late Cecilia Bonilla.   The petition represents, in substance, that Samuel Hart, who died in 1832, bequeathed one-fifth part of his entire estate to the four children of Cecilia Bonilla, of whom the petitioner is one ; that at the sale of the property of his succession, John McDonough purchased for Cecilia Bonilla, four lots of ground in the suburb of St. Mary, for a sum of 32,000 ; that although the adjudication had been thus made to Cecilia Bonilla, in her own name, she presented to the Court of Probates a petition in which she incorrectly averred, that she had become the purchaser of said lots for account of her children, and had accepted a sale of them as their tutrix, before Felix Grima, notary public, on the 27th of April, 1835 ; that although the sale was one on credit, she had paid the price in anticipation, by discounting her notes, and had made such payment out of funds in her hands belonging to said minors ; that whereas, she had made this purchase for the minors, without having been previously authorized thereto, she prayed that a family meeting be called to deliberate and give their opinion on the propriety of approving and ratifying her act ; that the family meeting declared the purchase highly advantageous to the minors, and ratified the same, and that their deliberations were duly homologated by a decree of the Court of Probates ; that, in 1841, Cecilia Bonilla filed an account of her tutorship, in which she represented, that the nett amount she had received for the minors from the estate of Hart, was $15,169 59 ; that consequently the minors were indebted to her on account of the purchase made, and paid for by her, in the sum of $17,639 41, and that, after crediting the minors with the rents of the property up to the 20th of April, 1841, and debiting them with the interest, expenses of educatiom, commissions, &c., up to the same date, they owed her a balance of $25,020 89 ; that Cecilia Bonilla died shortly after, leaving a nuncupative will, in which she made divers legacies, amounting to $4000 ; and that the property she left is insufficient to pay her debts, independently of the aforesaid claim against her children.   The petitioner avers, that the adjudication of the four lots of ground having been made to the said Cecilia Bonilla in her own name, she could not thereafter transfer them to

her minor children;˜that the family meeting acted without being advised of the means of said minors, and would never have recommended the transfer of said property to them, had they known or believed, that thereby the minors would be largely brought into debt, and had they not been misled by the allegations of the petition of Cecilia Bonilla, from which it appeared, that the means of said minors were sufficient to pay for the same ; that the purchase of property by or for minors, in the manner attempted, is unauthorized by law; and that the deliberations of the family meeting, and the judgment of the court homologating the same, are illegal, and ought to be set aside. The other minor children of the deceased, who were made parties to this suit, joined in the prayer of this petition. The executors pleaded the general issue. There was a judgment of nonsuit below, from which this appeal has been taken.

Although no plea was made to the jurisdiction of the Probate Court below, the Judge in his judgment, and the appellees' coun· sel here, have questioned the competency of that court, on the ground, that the contest has reference to the ownership of immoveable property, and that it is a real action. The Court of Probates has, we think, jurisdiction in the premises. The object of the suit is, to annul and rescind the proceedings and decree, under which the purchase made by the late Cecilia Bonilla, was approved, ratified, and made binding on the children. Under arts. 608 and 616, of the Code of Practice, the Court of Probates has jurisdiction to decide on the nullity or rescission of decrees, or judgments rendered by itself. So we held in *Harty* v. *Harty*, (8 Mart. N. S. 518,) in which a suit was brought, in that court, to set aside an adjudication it had made of certain property to the defendant, who was the mother of the plaintiffs.

On the merits, we concur in opinion with the Judge who tried the case, that the main fact on which this action is based, is not conclusively shown ; to wit, that the purchase made for the account of the children of Cecilia Bonilla, exceeded their means, and brought them largely in debt to the estate of their mother. If this had been clearly shown to be the case, they would probably have been entitled to relief, as the family meeting, and the decree of the court, ratified a purchase represented to have been made

for the minors, and paid for out of their money.   These proceed-
ings did not sanction any loan, or advance of money to the minors,
to make a purchase beyond their means.   An investment of funds
belonging to the minors was intended to be ratified, and not a
speculation which might involve them in debt and difficulty.   But
the only evidence which we can see, tending to show the inade-
quacy of the minors' means to purchase the property in question,
is an informal account, purporting to be rendered by Cecilia Bo-
nilla, not signed by her, and which does not appear to have ever
been acted upon in any way.   The statements made in this ac-
count, which the plaintiff herself alleges to be essentially incor-
rect, cannot outweigh the declarations of the tutrix in her petition ·
to the Probate Court, that she had paid for the property with
funds belonging to the minors, especially when, on examining the
account rendered by the executors of Hart, we find, that the es-
tate they surrendered into the hands of the legatees, amounted
to $177,196 22.   The fifth part of this amount, which was accru-
ing to these minors, and which we must presume was received
by their tutrix, is $35,435 24, a sum more than sufficient to pay
for the property.   Under this evidence the executors could not
recover the claim set up against the children of the deceased by
reason of the purchase.   Should they make the attempt, the
plaintiff, and her co-heirs, could easily show, we apprehend, either
that the property was really paid for with their own means, or
that the purchase was one unauthorized, illegal, and injurious to
their interest, being made for a sum so greatly exceeding their
ability to pay.   But as the case stands before us, we cannot say,
that the property has not been paid for with the money of the mi-
nors, and must, therefore, affirm the judgment of nonsuit ren-
dered below.   We come the more readily to this conclusion, as it
is clear, that the executors' are mere nominal defendants in this
suit.   If they have any interest in the controversy at all, it is, that
the plaintiff should succeed in having these lots declared the pro-
perty of the estate of Cecilia Bonilla ; for, in that event, they
would be entitled to a commission on the proceeds of it.   The
true parties, whose interest would be affected by such a judgment,
would be the legatees of the deceased, who expect to be paid
out of the sum which appears to be due to the estate by the

children. If the latter had succeeded in this suit, instead of figuring as debtors to the estate of their mother, they would have become mortgage creditors, to an amount more than sufficient to absorb the value of the property.

*Judgment affirmed.*